# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:10cv505

| | |
|---|---|
| CHARLES EVERETTE HINTON,          ) | |
| )             | |
| **Plaintiff,**          ) | |
| )              | |
| Vs.           ) | MEMORANDUM AND |
| )             | RECOMMENDATION |
| MICHAEL W. HENDERSON;        ) | |
| PETER S. GILCHRIST; TERESA     ) | |
| BROADWAY; and ANDREW        ) | |
| RUDGERS, Probation Officer,       ) | |
| )              | |
| **Defendants.**           ) | |
| _____  ) | |

**THIS MATTER** is before the court on defendant Peter S. Gilchrist's Motion to Dismiss (#7). Inasmuch as plaintiff is proceeding *pro se,* he was advised in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that Defendant Gilchrist had filed a Motion to Dismiss contending that this court lacks subject matter jurisdiction over his Complaint and that he has failed to state a cause of action against such defendant, the method for filing a response, and setting January 6, 2011, as the deadline for responding.

Since entry of such Order, plaintiff has filed two pleadings with the court: (1) a Notice of Change of Address (#20) on January 12, 2011; and (2) a Notice of Damages/Demand for Relief (#21). In neither pleading does plaintiff address the

-1-

substance of Defendant Gilchrist's Motion to Dismiss, who is now entitled to the relief he seeks as his motion is unopposed.

In an abundance of caution, the court has carefully considered Defendant Gilchrist's Motion to Dismiss, in which seeks dismissal of the Complaint against him in his official capacity under the Eleventh Amendment to the United States Constitution and in his individual capacity based on absolute immunity. For the reasons which will be briefly discussed, Defendant Gilchrist is substantively entitled to the relief he seeks as a matter of well settled law.

## FINDINGS AND CONCLUSIONS

I.  **Nature of the Action**

In this action brought under 42, United States Code, Section 1983, plaintiff seeks money damages only against Defendant Gilchrist in his individual and official capacities for alleged actions performed in such defendant's capacity as District Attorney for the 26th Judicial District of North Carolina. In substance, plaintiff contends that Defendant Gilchrist failed to dismiss charged against him or order his release when faced with exonerating evidence. Compl., at ¶ B.3 (Docket Entry #1, at p. 2). Defendant Gilchrist has moved to dismiss in accordance with Rule 12(b)(1) & (6), Federal Rules of Civil Procedure.

II. **Applicable Standards**

### A. Rule 12(b)(1)

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff, Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982), and plaintiff was so advised in the Roseboro Order. In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier

> Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69.

**B.    Rule 12(b)(6)**

Defendant Gilchrist has also moved to dismiss under Rule 12(b)(6) for failure to state a claim. Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. A complainant must show that he has made sufficient allegations to support a cause of action against such defendant that is recognized by law. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in his complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added). The court again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Ashcroft, the Court held that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where plaintiff "pleads facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in the Complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences,

unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

## III. Discussion

### A. Factual Background

For the limited purpose of the pending motions, the court has considered the factual allegations of the Complaint as true . In his "Statement of Facts/Affidavit," plaintiff alleges that he was arrested on December 31, 2008, for failing to register his change of address as a registered sex offender. "Statement of Facts/Affidavit", (#1-2), at ¶¶ 1& 3. He further alleges that Defendant Gilchrist conspired with the arresting officer by approving the arrest warrant, maliciously prosecuting him and sustaining his false imprisonment. Id., at ¶ 8; "Damages", (#1-4), at ¶ 2. He seeks damages against Defendant Gilchrist in his official and individual capacities in the amount of $71,400.00. Damages, (#1-4), at ¶ 2.

### B. Official Capacity

Defendant Gilchrist first moves to dismiss this action in his official capacity as a suit against a North Carolina district attorney in his official capacity is a suit against the State of North Carolina, an entity over which this court lacks jurisdiction under the Eleventh Amendment.

The law is well settled, as made clear in Will v. Michigan Dep't of State Police,

491 U.S. 58 (1989), that the states and their officials sued in their official capacities are immune from suit under 42, United States Code, Section 1983, because they are not "persons" within the meaning of that statute. A state actor sued in his or her official capacity is just another way of suing the state. Brandon v. Holt, 469 U.S. 464, 471 (1985); Kentucky v. Graham, 473 U.S. 159, 165 (1985); see also Edelman v. Jordan, 415 U.S. 651 (1974).

Plaintiff brings his action under 42, United States Code, Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Only a person may be sued under Section 1983. The State of North Carolina is simply not a person within the meaning of Section 1983. Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978), overruling in part Monroe v. Pape, 365 U.S. 167 (1961). The State of North Carolina enjoys absolute immunity from suit in this court. Immunity of states is embodied within the Eleventh Amendment to the United States Constitution, and provides in pertinent part as follows:

> [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

> United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

In Quern v. Jordan, 440 U.S. 332 (1979), the Supreme Court found that through passage of Section 1983, Congress did not express a clear intent to strip states of immunity from prosecution in federal courts:

> [Section] 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States.

Id., at 345. Suit is barred against a state when it is either a named party or, as here, a party in fact. Scheuer v. Rhodes, 416 U.S. 232, 237 (1974). See Brandon, 469 U.S. at 471. Absent waiver or consent, the Eleventh Amendment bars suit directly against the state regardless of the relief sought. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984). For the reasons set out above, the undersigned must recommend to the district court that Defendant Gilchrist's Motion to Dismiss the action against him in his official capacity be granted.

### C. Individual Capacity

Defendant Gilchrist also moves to dismiss the action as brought against him in his individual capacity based on prosecutorial immunity. As the Complaint and attached documents clearly reveal, plaintiff's claims against Defendant Gilchrist in his individual capacity clearly rest on Defendant Gilchrist's decision to prosecute

plaintiff.

A state prosecutor is a quasi-judicial officer who enjoys absolute immunity from suit when performing prosecutorial, as opposed to investigative or administrative functions. Imbler v. Pachtman, 424 U.S. 409 (1976). Absolute immunity is designed to protect the judicial process. Id. In determining whether such immunity is available, courts consider whether the challenged actions of the prosecutor are closely associated with the judicial process. Burns v. Reed, 500 U.S. 478 (1991). Recently, the Supreme Court summarized developments in prosecutorial immunity since its decision in Imbler, holding as follows:

> In the years since Imbler, we have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, *Burns*, supra, at 492, 111 S.Ct. 1934, or appears in court to present evidence in support of a search warrant application, *Kalina*, *supra*, at 126, 118 S.Ct. 502. We have held that absolute immunity does not apply when a prosecutor gives advice to police during a criminal investigation, *see Burns*, *supra*, at 496, 111 S.Ct. 1934, when the prosecutor makes statements to the press, *Buckley v. Fitzsimmons*, 509 U.S. 259, 277, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993), or when a prosecutor acts as a complaining witness in support of a warrant application, *Kalina*, *supra*, at 132, 118 S.Ct. 502 (SCALIA, J., concurring).

Van de Kamp v. Goldstein, ___ U.S. ___, 129 S.Ct. 855, 861 (2009). The Court of Appeals has made clear that decisions concerning "whether and when to prosecute" are entitled to absolute prosecutorial immunity. Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996)(citation omitted). Indeed, the Supreme Court clearly held in Imbler that

-9-

"in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler, 424 U.S. at 431.

Inasmuch as all acts by Defendant Gilchrist as alleged by plaintiff in the challenged prosecution were closely associated with the judicial process, the undersigned finds that Defendant Gilchrist is entitled to absolute prosecutorial immunity, and the undersigned will recommend that the Complaint against him in his individual capacity be granted.

**RECOMMENDATION**

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant Peter S. Gilchrist's Motion to Dismiss (#7) be **GRANTED,** and that all claims against such defendant in both his official and individual capacities be **DISMISSED** with prejudice.

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file

objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984).

Signed: January 19, 2011

_____
Dennis L. Howell
United States Magistrate Judge