UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-505 RJC-DLH

| CHARLES EVERETTE HINTON, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| MICHAEL W. HENDERSON; PETER S. GILCHRIST; TERESA BROADWAY; and ANDREW RUDGERS, Probation Officer, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on Defendant Peter S. Gilchrist's Motion to Dismiss (Doc. No. 7); Plaintiff Charles Everett Hinton's Response in Opposition (Doc. No. 13); the Magistrate Judge's Memorandum and Recommendation (M&R) recommending granting the Motion to Dismiss (Doc. No. 22)[1]; and Plaintiff's Objections to the M&R (Doc. No. 29). For the following reasons, the Motion to Dismiss will be granted.

**I. BACKGROUND**

The plaintiff objects to the Magistrate Judge's legal conclusion that this Court lacks subject matter jurisdiction but, with one exception, does not object to the factual statements in the M&R. Thus, this Court adopts the facts and procedural background as set forth in the M&R with the notation that the Motion to Dismiss is not "unopposed" since Plaintiff has objected to

---

[1] Prior to issuing the M&R, the Magistrate Judge advised the pro se plaintiff, in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), that Defendant Gilchrist had filed a Motion to Dismiss contending that this court lacks subject matter jurisdiction over Hinton's Complaint, that Hinton has failed to state a cause of action against such defendant, the method for filing a response, and setting the deadline for responding.

the motion and the M&R granting the motion.

## II.  STANDARD OF REVIEW

### Memorandum and Recommendations

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).  "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection.  Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200.  Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly, the Court has reviewed the Magistrate Judge's M&R and the record.

### Subject Matter Jurisdiction

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit.  Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court.  Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884).  The Federal Rules of Civil Procedure provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the

action." Fed.R.Civ.P. 12(h)(3). When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff, Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982), and plaintiff was so advised in the Roseboro Order. In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69.

### III. DISCUSSION

Hinton objects to the jurisdictional analysis in the M&R in which the Magistrate Judge found that the district court did not have jurisdiction, under the 11th Amendment, over Gilchrist in his official capacity and further lacked jurisdiction over Gilchrist in his individual capacity because he enjoyed absolute immunity from suit when performing prosecutorial functions. See (Doc. No. 22 at 6-10: M&R). In response, Hinton argues that this Court has jurisdiction over this matter based on the right to a jury trial under the Seventh Amendment, and he reiterates his claim that he was injured by his arrest and prosecution. These arguments are unpersuasive. The Seventh Amendment argument is not relevant to this Court's jurisdictional analysis, and

3

Hinton's argument that he should not have been prosecuted only highlights the fact that his claim against Gilchrist is over Gilchrist's decision regarding "whether and when to prosecute," which is protected by absolute immunity. See Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996) (quoting Imbler v. Pachtman, 424 U.S. 409, 431 n. 33) (1976). Because the material jurisdictional facts are not in dispute, and Gilchrist is entitled to prevail as a matter of law, Gilchrist's Motion to Dismiss for lack of subject matter jurisdiction is granted.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED THAT**:

Defendant Peter S. Gilchrist's Motion to Dismiss (Doc. No. 7) is **GRANTED,** and all claims against such defendant in both his official and individual capacities are **DISMISSED** with prejudice.

Signed: April 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge