IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv505

| | | |
|---|---|---|
| CHARLES EVERETTE HINTON, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL W. HENDERSON; | ) | |
| TERESA BROADWAY; and | ) | |
| ANDREW RUDGERS, | ) | |
|  Probation Officer, | ) | |
| | ) | |
|    Defendants. | ) | |

Pending before the Court is Plaintiff's Motion for Reconsideration [# 33]. Previously, the Court denied Plaintiff's Motion for Appointment of Counsel. (Order Denying Mot. Appointment Counsel, Feb. 3, 2011.) The Court found that the appointment of counsel under 28 U.S.C. § 1915(e)(1) was not appropriate in this case. (Id.) Plaintiff now moves the Court to reconsider its Order denying his Motion for Appointment of Counsel. The Court **DENIES** Plaintiff's motion [# 33].

**I.    Analysis**

Although the Federal Rules of Civil Procedure do not address motions for reconsideration, the filing of such motions are common in federal courts. Directv, Inc. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004); Wiseman v. First Citizens Bank

& Trust Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003) (Thornburg, J.) Courts, however, only allow motions to reconsider in limited circumstances. Wiseman, 215 F.R.D. at 509; Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp., 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005). The purpose of a motion to reconsider is to present the Court with newly discovered evidence or to correct manifest errors of law in a prior order. Directv, 366 F. Supp. 2d at 317; see also Woodward v. Daugherty, No. 5:11cv8, 2011 WL 934093, at *1 (W.D.N.C. Mar. 15, 2011) (Conrad, C.J.); E.E.O.C. v. McGee Brothers Co., Inc., No. 3:10cv142, 2011 WL 1542148, at *3 (W.D.N.C. Apr. 21, 2011) (Whitney, J.) Thus, a motion to reconsider is not proper where it only asks the Court to rethink its prior decision, Wiseman, 215 F.R.D. at 509; Directv, 366 F. Supp. 2d at 317, or presents a "better or more compelling argument that the party could have presented in the original briefs" on the matter, Madison River, 402 F. Supp. 2d at 619. A motion to reconsider is appropriate where:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ... or a controlling or significant change in the law or facts since the submission of the issue to the Court has occurred. Such problems rarely arise and the motion to reconsider should be equally rare.

Wiseman, 215 F.R.D. at 509 (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Plaintiff has not met his burden of demonstrating why reconsideration of the

Court's prior Order is necessary; Plaintiff has not shown that reconsideration is necessary to correct some manifest error or because of newly discovered evidence. And as numerous courts in this Circuit have explained, a motion to reconsider is not proper to "merely ask the court 'to rethink what the Court had already thought through-rightly or wrongly.'" <u>Directv</u> 366 F. Supp. 2d at 317 (<u>quoting</u> <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3rd Cir. 1985)). As the Court set forth in its prior Order, the appointment of counsel for Plaintiff is not warranted in this case under Section 1915(e)(1). Accordingly, the Court **DENIES** Plaintiff's Motion to Reconsider [# 33].

## II. Conclusion

The Court **DENIES** Plaintiff's Motion to Reconsider [# 33].

Signed: May 31, 2011

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge