IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv505

| | |
|---|---|
| CHARLES EVERETTE HINTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL W. HENDERSON; ) | |
| PETER S. GILCHRIST; TERESA ) | |
| BROADWAY; and ANDREW ) | |
| RUDGERS, Probation Officer, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Previously, the District Court granted Defendant Henderson's Motion for Summary Judgment and dismissed the claims against Defendant Henderson. (Order, Sept. 28, 2011.) In addition, the District Court ordered the parties to confer as provided by Rule 26(f) and conduct an Initial Attorney's Conference within fourteen days of the entry of the Court's Order granting summary judgment. (Id.) The District Court also ordered the parties to file a Certification of Initial Attorney's Conference within twenty-one days of the entry of the Court's Order granting summary judgment. (Id.)

Plaintiff, who is proceeding *pro se* and is currently incarcerated, then submitted

a pleading with the Court setting out what appears to be a summary of the discovery he intends to seek [# 55]. Plaintiff also requested an Order from the Court that he be allowed to meet with the attorneys for the remaining Defendants in person. That same day, Plaintiff filed a Notice of Interlocutory Appeal and appealed the District Court's Order granting summary judgment as to Defendant Henderson.

Several weeks later, Plaintiff moved for sanctions against the remaining Defendants for failure to comply with the District Court's Sept. 28, 2011, Order [# 60]. Plaintiff contends that Defendants failed to hold the Initial Attorney's Conference as ordered by the District Court and failed to confer pursuant to Rule 26(f). Finally, Plaintiff moved the Court to immediately set this case for trial. [# 62]. Defendants did not respond to any of Plaintiff's motions. Upon a review of Plaintiff's pleadings and the record in this case, the Court **DIRECTS** the parties as follows:

(1) The Court **DENIES without prejudice** Plaintiff's Motion for Order to Meet with Attorneys [# 55].

(2) The Court **DIRECTS** Defendants to **SHOW CAUSE** in writing within ten (10) days of the entry of this Order whether they have conferred as provided by Rule 26(f) and conducted an Initial Attorney's Conference as ordered by the District Court in its Sept. 28, 2011, Order.

(3) The Court **DIRECTS** Defendants to **SHOW CAUSE** in writing within ten (10) days of the entry of this Order why they have not filed the Certification of Initial Attorney's Conference as ordered by the District Court in its Sept. 28, 2011, Order.

(4) The Court **DENIES** without prejudice Plaintiff's Motion for Declaratory Judgment [# 62]. After the close of discovery and the dispositive motion deadline, the Court will set this case for trial if any claims against Defendants remain. Plaintiff, however, is not entitled to an immediate trial setting at this time.

Signed: January 9, 2012

Dennis L. Howell
United States Magistrate Judge