IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv505

| | | |
|---|---|---|
| CHARLES EVERETTE HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL W. HENDERSON; PETER S. GILCHRIST; TERESA BROADWAY; and ANDREW RUDGERS, Probation Officer, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Previously, the District Court granted Defendant Henderson's Motion for Summary Judgment and dismissed the claims against Defendant Henderson. (Order, Sept. 28, 2011.) In its Order, the District Court ordered:

> 3. The parties confer as provided by Federal Rule of Civil Procedure 26(f) and conduct an "Initial Attorney's Conference" within fourteen (14) days of the date this Order is entered.
>
> 4. The parties file a Certification of Initial Attorney's Conference within twenty-one (21) days of the date this Order is entered.

(Order, Sept. 28, 2011, at p. 10-11.) Subsequently, Plaintiff filed a motion requesting sanctions against Defendants for failing to comply with the District Court's Sept. 28, 2011, Order [# 60]. Plaintiff stated that Defendants failed to hold

the Initial Attorney's Conference as ordered by the District Court and failed to confer pursuant to Rule 26(f). The District Court then referred Plaintiff's motion to this Court.

Upon a review of the motion, the record, and the District Court's prior Order, the Court entered an Order directing Defendants to show cause in writing "whether they have conferred as provided by Rule 26(f) and conducted an Initial Attorney's Conference as ordered by the District Court in its Sept. 28, 2011, Order." (Order, Jan. 9, 2012.) In response to the Court's Show Cause Order, Defendants acknowledge that they have not complied with the District Court's prior Order. Defendants contend that because Plaintiff is currently incarcerated, the Federal Rules of Civil Procedure did not require them to conduct an Initial Attorney's Conference or file a Certificate of Initial Attorney's Conference. (Defs.' Resp. Show Cause Order at p. 1.) Irrespective of whether the Federal Rules of Civil Procedure require Defendants to conduct an Initial Attorney's Conference or file a Certificate of Initial Attorney's Conference, the District Court's September 28, 2011, Order specifically <u>ordered</u> them to do so within a set time period.[1] Defendants, however, have not complied with the District Court's Order.

---

[1] Defendants are correct that Rule 26(a)(1)(B)(iv) of the Federal Rules of Civil Procedure provides that proceedings where an action is brought without an attorney by an individual in the custody of the state or the United States are except from the initial disclosure requirements of Rule 26(f).

Accordingly, the Court **DIRECTS** Defendants to either comply with the District Court's September 28, 2011, Order within ten (10) days of the entry of this Order or file a motion with the District Court requesting relief from its prior Order. This Court, however, can grant no such relief. Finally, the Court **DENIES without prejudice** Plaintiff's Motion for Sanctions [# 60]. If Defendants fail to comply with this Court's Order, the Court will *sua sponte* reconsider whether sanctions are warranted against Defendants for failure to comply with an Order of this Court.

Signed: January 19, 2012

Dennis L. Howell
United States Magistrate Judge