# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:10-cv-505-RJC

| | |
|---|---|
| CHARLES EVERETTE HINTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TERESA BROADWAY, ) | |
| ANDREW RUDGERS, Probation Officer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 64), and on a Motion for Relief by Defendants Teresa Broadway and Andrew Rudgers, (Doc. No. 68).

The Prisoner Litigation Reform Act ("PLRA") makes clear that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This subsection is known as the "three strikes" provision of the PLRA. The PLRA also provides that "the court shall dismiss the case at any time if the court determines that" the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); see also Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006).

Plaintiff is a frequent filer of pro se lawsuits in this district, having already filed 19 civil law

suits. By Order dated March 24, 2009, this Court determined that Plaintiff is a three striker. (See Hinton v. Curran, 3:09-cv-110, Doc. No. 2). Plaintiff filed this lawsuit on October 12, 2010, and the Court granted Plaintiff in forma pauperis status on October 19, 2010. The Court was apparently not aware that Plaintiff was subject to the three-strikes rule and improvidently granted Plaintiff in forma pauperis status without first considering whether Plaintiff could show that he was under imminent danger of serious physical injury.

As in many of the other lawsuits Plaintiff has filed in this Court, Plaintiff appears to be challenging certain criminal convictions and sentences imposed on him, and he has sued various individuals who are alleged to have participated in bringing false charges against him and convicting him. Plaintiff named four defendants in his initial Complaint, but the Court has dismissed all Defendants except for Teresa Broadway and Andrew Rudgers, who are both alleged to be probation officers with the Mecklenburg County Probation Department. See (Doc. Nos. 1; 12; 43; 54). Plaintiff brings claims against Defendants for "false imprisonment" and "malicious prosecution." (Doc. No. 1 at 3). Plaintiff alleges that Defendants "have continuously arrested and confined [him] for years in violation of [his] civil rights. The [Defendants] are showing prejudice towards me, and I want this to stop and to deter any future false imprisonments." (Id.).

Plaintiff has not demonstrated that he is under imminent danger of serious physical injury. Thus, the Court determines that Plaintiff's in forma pauperis status must be revoked.[1] Plaintiff shall pay the applicable filing fee of $350.00 within ten (10) days of the filing of this Order. Failure to

---

[1] It is well settled that if a court has already granted in forma pauperis status to a plaintiff, if the court thereafter becomes aware of a basis for denying that status pursuant to § 1915(g), the court may revoke the plaintiff's in forma pauperis status. See McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

<u>pay the fee will result in a dismissal of this case without further notice to Plaintiff</u>.

The Court will address Plaintiff's pending Motion for Summary Judgment, (Doc. No. 64), after Plaintiff has paid the filing fee as required by this Order. The Court will, however, grant at this time Defendants' motion for relief from the Court's prior show cause order. (Doc. No. 68). This Court previously entered an Order directing Defendants to show cause why they had not, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, conferred, conducted an initial Attorney's Conference, or filed the Certification of Initial Attorney's Conference as ordered by the Court on September 28, 2011. See (Doc. Nos. 54; 63). Defendants correctly point out in their motion for relief that because Plaintiff is a state court inmate filing his action pro se the parties are exempted from Rule 26(f)'s initial conference requirements. See FED. R. CIV. P. 26(a)(1)(B)(iv) (exempting from Rule 26 initial disclosures in "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision"); FED. R. CIV. P. 26(f) (requiring a pretrial conference "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)." Thus, the Court finds that Defendants are entitled to relief from the Court's show cause order.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's in forma pauperis status is **REVOKED** pursuant to 28 U.S.C. § 1915(g);

(2) Plaintiff shall pay the applicable filing fee of $350.00 within ten (10) days of the filing of this Order. Plaintiff is hereby notified that failure to pay the fee will result in a dismissal of this case **<u>without further notice to Plaintiff</u>**;

(3) Defendants' Motion for Relief, (Doc. No. 68), is **GRANTED**;

(4) At the expiration of the ten-day time limit in which to pay the filing fee, the Clerk is directed to notify the Court whether Plaintiff has paid the fee.

Signed: August 6, 2012

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
Chief United States District Judge