UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-505-RJC

| | | |
|---|---|---|
| CHARLES EVERETTE HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL W. HENDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is on a motion by Defendants Teresa Broadway and Andrew Rudgers, through North Carolina Attorney General Roy Cooper and Assistant Attorney General Jodi Harrison, to continue the scheduled trial date in this matter of July 8, 2013, and for an extension of time to July 8, 2013, in which to file a summary judgment motion. (Doc. No. 94). In this action, filed on October 12, 2010, Plaintiff Charles Everette Hinton, a state court inmate and frequent filer of pro se lawsuits, alleges that Defendants violated his constitutional rights by falsely imprisoning him and maliciously prosecuting him. On August 21, 2012, this Court adopted a scheduling order providing, among other things, that dispositive motions in this matter would be filed by April 8, 2013, and that trial would be set for July 8, 2013. (Doc. No. 76).

In support of the motion, defense counsel asserts that, due to "the press of business and the volume of case work assigned to undersigned's counsel, moving Defendants failed to timely file a motion for summary judgment." (Doc. No. 94 at 2). Counsel states that the instant matter was overlooked due to counsel's high volume of pending cases and advancing acting deadlines. (Id.). Counsel further states that the case is likely to be resolved at the summary judgment stage based on Defendants' qualified immunity defense, Plaintiff's failure to disclose expert testimony

to support his claims, witness testimony, and documentation contradicting Plaintiff's claims. (Doc. No. 94 at 2).

For good cause shown, **IT IS HEREBY ORDERED** that the parties shall be given until July 8, 2013, to file summary judgment motions. Furthermore, the case is hereby removed from its current setting on the Master Trial Calendar of July 8, 2013. If the action still remains after the Court's ruling on summary judgment motions, the Court will reset the trial date for this matter. To this extent, Defendants' Motion to Continue Docket Call/Trial and Allow Filing of a Dispositive Motion, (Doc. No. 94), is **GRANTED**.

Signed: June 27, 2013

Robert J. Conrad, Jr.
United States District Judge